UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER LONGMIRE, | CASE NO. 14-5436 RJB |
| Plaintiff, | ORDER ON MOTION TO DISMISS AND JOINDER TO THE MOTION TO DISMISS |
| v. | |
| KITSAP COUNTY, a local public entity; KITSAP COUNTY SHERIFF'S DEPARTMENT, a local public entity; STEVE BOYER, in his official capacity as Kitsap County Sheriff; NED NEWLIN, in his official capacity as Kitsap County Chief of Corrections, JUVENILE REHABILITATION ADMINISTRATION, a state agency; JOHN CLAYTON, in his official capacity as Assistant Secretary for Juvenile Rehabilitation Administration, Washington State Department of Social & Health Services; and DOES 1 through 50, inclusive, | |
| Defendants. | |

This matter comes before the Court on Defendant Kitsap County's Motion for Order of

Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 16) and the Defendants Washington State

Department of Social and Health Services ("DSHS") and John Clayton, in his official capacity as Juvenile Justice and Rehabilitation Administration Secretary (together the "State Defendants") Notice of Joinder in Kitsap County's Motion to Dismiss (Dkt. 20).  The Court has considered the pleadings filed regarding the motions and the file herein.

## I.     FACTS

On November 13, 2014, an Order was issued regarding the instant motions.  Dkt. 21.  The factual and procedural history are contained in that Order (Dkt. 21, at 1-3), and are adopted here.

The November 13, 2014 Order reviewed the Complaint's deficiencies.  Dkt. 21.  It noted that the Plaintiff had not responded to the motion to dismiss or the joinder to the motion to dismiss.  *Id.*  Although the Court agreed with the with Defendants' analysis on the merits, Plaintiff was given an opportunity to file a motion for leave to file an amended complaint because the Court could not say that the Complaint could not "possibly be cured by the allegation of other facts." *Id.* (*quoting Lacey v. Maricopa County*, 693 F.3d 896, 926 (9th Cir. 2012)).  Plaintiff's motion to amend, if any, was to be filed on or before November 28, 2014.  *Id.*

The State Defendants also have a motion to dismiss (Dkt. 19) pending which seeks dismissal of the claims addressed by Kitsap County's motion to dismiss.  It is noted for December 5, 2014.  *Id.*

## II.     DISCUSSION

### A.  STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.  MOTION TO DISMISS**

For the reasons stated in the November 13, 2014 Order (Dkt. 21), Kitsap County's Motion to Dismiss (Dkt. 16) and the State Defendants' joinder in that motion (Dkt. 20) should be granted.

Plaintiff has failed to respond to the Defendants' motions to dismiss. Plaintiff was given an opportunity to file an amended complaint and failed to do so.  This case should be dismissed without prejudice.  The State Defendants' motion to dismiss (Dkt. 19) and any other motions should be stricken as moot.

**III.  ORDER**

Therefore, it is hereby **ORDERED** that:

- Defendant Kitsap County's Motion for Order of Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 16) and the Defendants Washington State Department of Social and Health Services and John Clayton, in his official capacity as Juvenile Justice and Rehabilitation Administration Secretary's Notice of Joinder in Kitsap County's Motion to Dismiss (Dkt. 20) **ARE GRANTED**;

- This case is **DISMISSED WITHOUT PREJUDICE;**

- The State Defendants' motion to dismiss (Dkt. 19) and any other pending motions **ARE STRICKEN** as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of December, 2014.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION TO DISMISS AND
JOINDER TO THE MOTION TO DISMISS- 4